IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL R. JONES, | ) | CASE NO. 5:17-CV-1654 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF | ) | **MEMORANDUM IN SUPPORT** |
| INVESTIGATION, | ) | **OF DEFENDANT FEDERAL** |
| | ) | **BUREAU OF INVESTIGATION'S** |
| Defendant. | ) | **MOTION TO DISMISS** |

## INTRODUCTION

Plaintiff Paul R. Jones filed this matter to compel a response from Defendant Federal Bureau of Investigation ("FBI") to his Freedom of Information Act ("FOIA") request. However, in the time since Jones filed his Complaint, the FBI responded to the FOIA request and released 194 pages to Jones. Accordingly, this case is moot and should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## BACKGROUND

From February 2007 to February 2011, Jones worked as a Licensed Practical Nurse in the Psychiatric unit of the United States Department of Veterans Affairs Cleveland Medical Center ("Cleveland VA"). (Complaint at ¶¶ 8, 24, ECF No. 1 at PageID ## 2-3, 5.) Jones alleges that, after the mass shooting at Fort Hood in 2009, the Cleveland VA dealt with increasing threats from veterans to their psychiatrists. (*Id.* at ¶ 11, PageID # 3.) When Cleveland VA employees found "a threatening letter referencing Fort Hood shootings" in one of the facility's public restrooms, the FBI opened an investigation. (*Id.* at ¶¶ 13-14, PageID # 3.) A Special Agent questioned Jones as part of this investigation. (*Id.*) In addition, other Cleveland VA employees

purportedly "wore wires" in an attempt to obtain information from Jones. (*Id.* at ¶ 17, PageID #4.) Jones's union ultimately intervened and "asked that no staff member be subject to interrogation [or] intimidation." (*Id.* at ¶ 18, PageID #4.)

In a separate incident in July 2010, Captain Todd Mitchell of the Cleveland VA Police called Jones into his office to discuss the theft of a patient's ring. (*Id.* at ¶ 20; PageID #4.) Captain Mitchell purportedly acted accusatory toward Jones during the meeting. (*Id.*) Jones later learned that the FBI had searched the garbage at Jones's residence and found a plastic bag with a patient's belongings. (*Id.* at ¶ 26, PageID #5.) The label on the bag was still intact, showing the patient's name and social security number. (*Id.*) As a result of this discovery, a Cuyahoga County grand jury indicted Jones for multiple felonies. (*Id.* at ¶ 25, PageID # 5.)

Jones's appointed counsel advised him that, if he did not plead guilty to the criminal charges, the state prosecutors would dismiss the case and federal prosecutors would refile it in federal court. (*Id.* at ¶ 31, PageID # 6-7.) Jones also claims that state prosecutors admitted pursuing his case more aggressively because they felt Jones was responsible for the threatening letter found in 2009. (*Id.* at ¶ 33, PageID # 7.) In any event, Jones ultimately pled guilty to several misdemeanor charges. (*Id.* at ¶ 34, PageID # 7.)

Jones claims to be drafting a motion for post-conviction remedies, and he purportedly has a contract for a book that will detail the FBI's investigation of the threatening letter. (*Id.*) To obtain additional information for these endeavors, Jones submitted a FOIA request to the FBI. (*Id.* at ¶ 35, PageID # 7.) He sought any information regarding the 2009-16 FBI investigation at the Cleveland VA. (*Id.*) The FBI acknowledged receipt of Jones's FOIA request, and thereafter, there were multiple communications between the FBI and Jones regarding the scope and cost of

the production. (David Hardy Declaration at ¶¶ 5-11, attached as Government Ex. A.[1])

However, as of the filing of Jones's Complaint, the FBI had not produced any documents in response to the request. (Complaint at ¶¶ 36, 40, ECF No. 1. At PageID # 7-8.)

On August 30, 2017, the FBI mailed 194 pages to Jones in response to his FOIA request. (David Hardy Declaration at ¶ 13 and Ex. H thereto.) Shortly thereafter, the FBI learned that it had sent the materials to the wrong address and that the carrier had returned the package. (*Id.* at ¶ 14.) That same day (October 16, 2017), the FBI re-sent its response via FedEx to Jones's correct address, along with the original letter dated August 30, 2017. (*Id.* at ¶ 15.) FedEx tracking information indicates that Jones received the delivery the following day, October 17, 2017. (*Id.*) Because the FBI has now answered the FOIA request, and because the Complaint takes no issue with the sufficiency of the response, this case is moot.

## LAW AND ARGUMENT

**I.    RULE 12(B)(1) STANDARD.**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) alleging lack of subject matter jurisdiction generally falls into one of two categories: facial attacks and factual attacks. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816-17 (6th Cir. 2017). A facial attack questions the sufficiency of the pleading. *Id.* In reviewing a facial attack, a district court typically does not consider matters outside the pleadings and simply accepts the allegations as true—just as it does when deciding a Rule 12(b)(6) motion. *Id.* A factual attack such as this one, on the other hand, "raises a factual controversy requiring the district court to weigh the

---

[1] Although a court typically may not consider matters outside the pleadings on a motion to dismiss, "[m]ootness implicates the Court's subject matter jurisdiction[,] and matters outside the pleadings may be considered on a Rule 12(b)(1) motion to dismiss." *Klinger v. Corr. Corp. of Am., Inc.*, No. 4:11-CV-2299, 2012 U.S. Dist. LEXIS 184316, at *32 (N.D. Ohio Dec. 13, 2012).

conflicting evidence to arriv[e] at the factual predicate that subject-matter jurisdiction does or does not exist." *Id.* In reviewing a factual challenge, a district court may examine evidence—including evidence outside the pleadings—to decide if it has power to hear the case. *Id.* The plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Id.*

## II. PLAINTIFF'S CLAIMS ARE MOOT.

A case is moot when the issues presented are no longer live. *Klinger*, 2012 U.S. Dist. LEXIS 184316, at *33 (citing *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). "An action to compel the production of documents under FOIA is mooted when the agency in control of the requested documents delivers them to the plaintiff." *Id.*; *see also GMRI, Inc. v. E.E.O.C.*, 149 F.3d 449 (6th Cir. 1998) (FOIA claim moot once federal agency responds to request); *West v. Spellings*, 539 F.Supp.2d 55, 61 (D.D.C. 2008) (FOIA claim dismissed as moot because agency released requested records). Once the agency releases all responsive, non-exempt records to the requester, there is no case or controversy, and the Court should dismiss the claim for want of subject matter jurisdiction. *Id.* (citing *Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993)). Where the defendant provides such evidence—namely, that it has responded to the FOIA request—the plaintiff has the burden of proving that the trial court nonetheless has subject matter jurisdiction. *Id.* at *34 (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)).

The attached declaration of David Hardy is evidence of the FBI's FOIA response. (*See* David Hardy Declaration at ¶¶ 5-15.) Jones must now provide his own evidence to show that the FBI failed to respond to his FOIA request. Because he will be unable to do so, Jones cannot establish that there is a justiciable case or controversy here. *See Cornucopia Institute v. Dep't of Agriculture*, 560 F.3d 673, 675-77 (7th Cir. 2009) (FOIA claim moot because no case or controversy remained after agency produced requested records).

4

Although the Complaint also criticizes the *timing* of the FBI's response, this does not save Jones's case. (*See, e.g.*, Complaint at ¶ 49, ECF No. 1 at PageID # 9.) In *Calhoun v. FBI*, for example, the basis of the Complaint was the FBI's failure to respond to a FOIA request, the FBI produced responsive records during the pendency of the litigation, and the district court thereafter determined that the action was moot. 546 F. App'x 487, 490 (5th Cir. 2013). The Fifth Circuit affirmed, noting that any claim as to tardiness of the FBI's response was also rendered moot by the production of documents. *Id.*; *see also Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993) ("Insofar as [the plaintiff] challenged the tardiness of the FBI's response, his claim [under the FOIA] was rendered moot by the FBI's response to his request.").

Moreover, to the extent Calhoun challenged the *scope* of the FBI's production, he had not exhausted his claims. *Id.* The Fifth Circuit reasoned that, "if Calhoun wishes to contest the absence of [certain] records, he must do so through the appropriate administrative appeals process." *Id.* The same is true here. The Complaint takes issue solely with the FBI's alleged failure to produce records in response to Jones's FOIA request—it makes no allegation as to the sufficiency of any production or the application of any FOIA exemptions. (*See generally* Complaint, ECF No. 1.) Although Jones notes that the FBI identified approximately 305 pages in response to the FOIA request, and although the FBI ultimately produced only 194 of those pages, Jones must raise any such "scope" issues at the administrative level before filing those claims in federal court. *Id.*; *see also Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 477 (5th Cir. 1997) (claims challenging scope of FOIA response are subject to dismissal if not properly exhausted); *Roe v. Comm'r*, No. 12-CV-2344, 2014 U.S. Dist. LEXIS 7652, at *11 (D. Colo. Jan. 22, 2014) ("[I]f Plaintiff wants to litigate the scope or existence of a FOIA exemption . . . , she must first litigate the disclosure and publication arguments with the agency . . . ."); *Miller v.*

5

*Fed. Elections Comm.*, No. 1:12-CV-242, 2013 U.S. Dist. LEXIS 115511, at *14-15 (S.D. Ohio Aug. 15, 2013) (holding that, where an agency responds to a FOIA request during the pendency of the litigation, the plaintiff should appeal administratively to the agency its decision to withhold certain documents pursuant to statutory exemptions).

In short, Jones's claims are moot due to the FBI's production of documents earlier this month. Accordingly, the Court lacks subject matter jurisdiction over this case and should dismiss Jones's FOIA Complaint.

## CONCLUSION

For these reasons, Defendant Federal Bureau of Investigation respectfully requests that the Court dismiss this case.

                    Respectfully submitted,

                    JUSTIN E. HERDMAN
                    United States Attorney
                    Northern District of Ohio

By: /s/ Karen E. Swanson Haan
     Karen E. Swanson Haan (#0082518)
     Lisa Hammond Johnson (#0061681)
     Assistant United States Attorneys
     United States Court House
     801 West Superior Avenue, Suite 400
     Cleveland, OH 44113
     Telephone: (216) 622-3600
     Facsimile: (216) 522-4982
     Email: Karen.Swanson.Haan@usdoj.gov
     Email: Lisa.Hammond.Johnson@usdoj.gov

     *Attorneys for Defendant*
     *Federal Bureau of Investigation*

## CERTIFICATE OF SERVICE

    I certify that, on October 25, 2017, I filed a copy of the foregoing electronically. The Court's electronic filing system will send notice of this filing to all parties. Parties may access this filing through the Court's system. In addition, I served the foregoing via regular U.S. Mail, postage pre-paid, upon the following:

Paul R. Jones
321 Stanton Avenue
Akron, Ohio 44301

                                                  /s/ Karen E. Swanson Haan
                                                  Karen E. Swanson Haan
                                                  Assistant U.S. Attorney